UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NICKULIS GILLIS,

     Plaintiff,

v.                                                    Case No.  5:17cv290-MCR-CJK

S. HOSSEINI, et al.,

     Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 25).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  The undersigned concludes that this case should be dismissed without prejudice because plaintiff's claims are moot and, in any event, his complaint fails to state a facially plausible claim for relief under § 1983.

BACKGROUND

Plaintiff initiated this action on November 21, 2017, while confined at Apalachee Correctional Institution (Apalachee CI).  Plaintiff sues two medical providers at Apalachee CI, Dr. Hosseini and Nurse Jones, in their individual capacities, claiming Jones failed to provide medical care for his heel and Hosseini

denied his grievances concerning the matter, in violation of the Eighth Amendment. As relief, plaintiff seeks injunctive relief in the form of "health care". (Doc. 25). Plaintiff was transferred to Union Correctional Institution (Union CI) on October 16, 2018. (Doc. 26).

## DISCUSSION

<u>Jurisdiction</u>

"Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (*citing* U.S. Const. art. III, § 2). "The doctrine of mootness derives directly from the case-or-controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id*. (citation omitted). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 1335-36 (citation omitted, alteration in original). "Put another way, '[a] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs*., 225 F.3d 1208, 1217 (11th Cir. 2000) (citation omitted, alteration in original).

Plaintiff seeks injunctive relief against Dr. Hosseini and Nurse Jones in the form of "health care" for his heel. During the pendency of this suit, however, plaintiff was transferred from Apalachee CI to Union CI. Plaintiff's transfer renders his claims for injunctive relief moot. *See Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that prisoner's claims regarding treatment at a facility where he was no longer incarcerated were moot); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

<u>Merits</u>

Even if not moot, plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915A. Because plaintiff is a prisoner, the court is required to review his second amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings).

Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485

(11th Cir. 1997).  To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient. *Id.* (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").  The complaint must include "[f]actual allegations . . .  [sufficient] to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that is, "across the line from conceivable to plausible." *Id.* at 570.

In reviewing the complaint's factual allegations, the court accepts as true only those that are well-pleaded.  Mere "labels and conclusions" are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions."); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)). A prisoner claiming he was deprived of adequate medical care in violation of the Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily

recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that a serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotations omitted). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Mere incidents of negligence or malpractice" in diagnosing or treating a medical condition "do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-106 (1976)).

Plaintiff alleges: (1) he has pain in his right heel, (2) Nurse Jones told him there was nothing she could do about it, and (3) Dr. Hosseini denied his grievances and advised him to sign up for sick-call. (Doc. 25, p. 5). These facts do not allow the court to draw a reasonable inference that plaintiff has a serious medical need, or that Nurse Jones or Dr. Hosseini was deliberately indifferent to that need.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED without prejudice for lack of jurisdiction and because plaintiff's second amended complaint fails to state a facially plausible medical deliberate indifference claim under § 1983.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 4th day of December, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.